IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GARY TYRE, Individually and SAMANTHA JACOBS, as Administrator of the Estate of JERROD WEBSTER TYRE, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF JOHN CARTER, in his individual capacity, ROBERT L. BRANTLEY, JR., in his individual capacity, and JOHN DOES 1-3, *in their individual capacities, <br><br> Defendants. | CIVIL ACTION NO.: 2:16-cv-110 |

## O R D E R

This matter is before the Court on the Motion for Joinder by Yvonne Gilder, (doc. 9), and Defendants' Motion to Stay Discovery (doc. 14.)  After careful consideration, the Court **GRANTS** the Motion for Joinder and the Motion to Stay.  Additionally, the Court **DISMISSES AS MOOT AND WITHOUT PREJUDICE** Defendant's First Motion to Dismiss the original Complaint (doc. 5.)

**I.      Motion for Joinder**

Gary Tyre, the father of the deceased Jerrod Webster Tyre ("Jerrod), and Samantha Jacobs, the Administrator of Jerrod's estate, brought this action arising out of Jerrod's death. (Doc. 1.)  Yvonne Gilder, Jerrod's mother, now seeks to join as a Plaintiff under Federal Rule of Civil Procedure 20.  (Doc. 9.)  Gilder contends that, under Georgia law, the cause of action for Jerrod's wrongful death vests jointly in both her and Gary Tyre.  (Id. at pp. 2–3 (citing O.C.G.A.

§ 19-7-1(c)(2)(C)).) Defendants have responded stating that they do not oppose Gilder's Motion to Join. (Doc. 10.) Tyre and Jacobs have not filed any opposition to the Motion. The Court finds that pursuant to Federal Rules of Civil Procedure 20 and 21, it is proper to have Gilder join in this action. Accordingly, the Court **GRANTS** the Motion for Joinder. The Clerk of the Court is **DIRECTED** to update the caption of this case to list Yvonne Gilder as a party Plaintiff in this case.

## II. Defendants' First Motion to Dismiss

Defendants filed a Motion to Dismiss Plaintiff's original Complaint in part on August 10, 2016. (Doc. 5.) Following that Motion, the Court granted Defendants' Motion to Stay. (Doc. 8.) Plaintiff then filed an Amended Complaint on August 29, 2016. (Doc. 12.) Defendants once again moved to dismiss in part. (Doc. 13.) The Amended Complaint "supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Consequently, Plaintiff's filing of an Amended Complaint and Defendants' Second Motion to Dismiss moots Defendants' First Motion to Dismiss. Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami–Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); De Sisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)). Thus, the Court **DISMISSES AS MOOT and WITHOUT PREJUDICE** Defendants' First Motion to Dismiss. (Doc. 5).

**III. Motion to Stay**

Defendants submit that discovery and the requirements of Local Rule 26.1 and Federal Rule 26 should be stayed until such time as the Court enters a ruling on its Second Motion to Dismiss, (doc. 5). With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendants'] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' Motion to Dismiss the Amended Complaint and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on Defendants'

3

Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendants' Motion to Dismiss the Amended Complaint.  IT IS FURTHER ORDERED that **within twenty-one (21) days** following the Court's ruling on Defendants' Motion to Dismiss the Amended Complaint, the parties are directed to meet and confer pursuant to Rule 26(f).  Additionally, the parties are to file a Rule 26(f) Report **within fourteen (14) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered by the Court.

**SO ORDERED**, this 20th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA