FILED
Scott L. Poff, Clerk
United States District Court
By casbell at 3:26 pm, May 15, 2017

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
GARY TYRE, individually;
SAMANTHA JACOBS, as
Administrator of the Estate of
JERROD WEBSTER TYRE; and YVONNE
GILDER, individually;

     Plaintiffs,                      CV 216-110

     v.

SHERIFF JOHN CARTER, in his
individual capacity; ROBERT
BRANTLEY, JR., in his
individual capacity; and JOHN
DOES 1-3, in their individual
capacities;

     Defendants.
```

## ORDER

Pending before the Court is Defendants Sheriff John Carter ("Sheriff Carter") and Robert Brantley, Jr.'s ("Deputy Brantley") ("Defendants") Partial Motion to Dismiss (Dkt. No. 13). For the reasons stated below, Defendants' motion is **GRANTED in Part.**

### FACTUAL BACKGROUND

The following facts are taken solely from Plaintiffs Gary Tyre, Yvonne Gilder and Samantha Jacobs' ("Plaintiffs")

Complaint. On July 21, 2015, deputies with the Wayne County Sheriff's Department reported to a domestic dispute at the home of Jerrod Webster Tyre ("Jerrod") in Jesup, Georgia. Dkt. No. 12 ¶ 8. At the time, Plaintiffs allege Jerrod was target shooting in his backyard with a .22-caliber Ruger pistol. Id. ¶ 9. When deputies arrived, they instructed Jerrod to refrain from shooting. Id. ¶¶ 10-11. Jerrod refused and said he would put down his weapon only if police left his property. Id. ¶¶ 11-12. The confrontation between Jerrod and the deputies lasted for forty minutes. Id. ¶ 15. Ultimately, Jerrod was shot and killed by Deputy Brantley. Id. ¶ 16. Plaintiffs allege that a subsequent coroner's inquiry revealed that the killing was unjustified. Id. ¶ 17. Plaintiffs now bring 42 U.S.C. § 1983 ("Section 1983") and wrongful death claims, and associated claims for punitive damages and attorney's fees. See generally id.

## LEGAL STANDARD

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Defendants move to partially dismiss Plaintiffs' Section 1983 and state law claims on the basis of qualified and official immunity. The Court addresses each claim in turn.

### I. Qualified Immunity

Defendants argue that Sheriff Carter is entitled to qualified immunity. The qualified immunity defense exists to offer "complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When properly applied, the doctrine protects "all but the plainly incompetent or one who is knowingly violating the federal law." Id. (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)). To determine if qualified immunity applies, the Court considers (1) whether the

3

plaintiff alleged facts to establish that the officers violated a constitutional right and (2) whether that right was clearly established. Pearson v. Callahan, 555 U.S. 223, 232 (2009). Sheriff Carter was not at the scene the night Jerrod was killed and therefore did not personally violate Jerrod's constitutional rights. Further, it is well established that Section 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or *respondeat superior*. Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (citing Hardin v. Hayes, 957 F.2d 845, 849 (11th Cir. 1992)).

However, as a supervisory official over Deputy Brantley, Sheriff Carter may still be held liable under limited circumstances. Specifically, Plaintiffs must plausibly allege a "causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Id. However, these deprivations must be "obvious, flagrant, rampant and of continued duration." Id. Here, Plaintiffs appear to base their allegations of liability on a "failure to train" theory. Dkt. No. 12 p. 5.

AO 72A
(Rev. 8/82)

A failure to train must amount to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has to actually cause the injury of which the plaintiff complains. Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir. 1990); Greason v. Kemp, 891 F.2d 829, 837 n.15 (11th Cir. 1990); cf. City of Canton v. Harris, 489 U.S. 378, 388, 390 (1989) (addressing municipal liability under Section 1983). Only when the failure to train amounts to "deliberate indifference" can it properly be characterized as the "policy" or "custom" that is necessary for Section 1983 liability to attach. Harris, 489 U.S. at 389. Failure to train can amount to deliberate indifference when the need for more or different training is obvious. Id. at 390.

Here, Plaintiff has alleged no facts which would indicate Sheriff Carter's deliberate indifference to the use of excessive force. Plaintiffs have not alleged that other instances of excessive force have occurred, nor do they allege that Sheriff Carter was on notice of any such instances. Furthermore, Plaintiffs fail to point to any improper policies, practices, or customs Sheriff Carter enacted which resulted in the deprivation of constitutional rights. As such, Plaintiffs have failed to plead sufficient facts to pursue a cause of action against Sheriff Carter and all claims against him in his individual capacity are hereby dismissed.

## II. Official Capacity

Defendants also move for dismissal of Plaintiffs' state law claims. Dkt. No. 13 p. 12. These claims must be dismissed as against Sheriff Carter. The Court notes that while the parties appear to agree that Plaintiffs' state law claims against Sheriff Carter should be dismissed, see dkt. no. 17 pp. 6-8, the parties are not as clear regarding Officer Brantley. The parties are directed to clarify on the record within 10 days whether Plaintiffs are pursuing state law claims against Defendant Brantley.

## CONCLUSION

For the reasons set forth above, Defendants' Sheriff Carter and Deputy Brantley's Partial Motion to Dismiss (Dkt. No. 13) is **GRANTED in Part.**

**SO ORDERED**, this 15th day of May, 2017.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA